UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN STAUB,<br><br>   Petitioner,<br><br> v.<br><br>KAMALA D. HARRIS,<br><br>   Respondent. | Case No.: 1:13-cv-01162-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

  Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## DISCUSSION

  The instant petition was filed on July 26, 2013. The Court has conducted a preliminary review of the petition and concluded that the Court lacks jurisdiction to proceed. Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed

1

without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980). A federal prisoner, however, who is challenging the manner, location, or conditions of his sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Here, Petitioner alleges that he was arrested in Kern County, California, on January 14, 2010 and, on February 19, 2010, charged with felony violation of Cal. Health & Safety Code § 11370.9( e), i.e., transferring, receiving, or concealing proceeds from a transaction involving controlled substances. (Doc. 1, p. 2). Petitioner was also charged with a misdemeanor driving under the influence of alcohol. (Id.). However, before Petitioner could be arraigned on the state charges, he was arrested by federal authorities and eventually pleaded guilty to a violation of 21 U.S.C. § 841(a)(, (b)(1)(B)(vii), cultivation and possession of marijuana with intent to distribute. (Id.). On March 15, 2011, Petitioner was sentenced to a 65-month prison term in the custody of the United States Bureau of Prisons ("BOP"). (Id.). Petitioner is currently serving that sentence in custody of the BOP in a facility in Oregon. (Id.).

The petition alleges that the State of California has failed to try him on the state charges in a timely manner, that any future prosecution would be barred, and that he is entitled to the return of approximately $47,000 in cash that was confiscated from his trunk at the time he was originally arrested. (Doc. 1, p. 4). As part of his guilty plea in federal court, Petitioner agreed to forfeit five

weapons that were confiscated at his arrest, all "ammunition and contraband seized" in his case, and his automobile he was driving when arrested. (Doc. 1, p. 11). The federal judgment does not specifically refer to the $47,000 and, it appears from Petitioner's allegations, that this money was seized by state authorities, not federal authorities.

Based on these allegations, the Court concludes that no habeas jurisdiction exists. Petitioner is not challenging the manner, location, or conditions of his sentence's execution. Capaldi v. Pontesso, 135 F.3d at 1123. Rather, Petitioner is seeking to recover from the State of California money seized by state law enforcement authorities when Petitioner was arrested on state criminal charges. It appears from the petition that those charges have remained pending and that Petitioner has yet to be tried on those state charges. Under those circumstances, Petitioner should seek his remedies with the governmental entity that seized the money, i.e., the State of California, not in a habeas corpus petition in federal district court. As mentioned, federal habeas jurisdiction for federal inmates is limited to challenges to the "manner, location, or conditions" of Petitioner's federal sentence's execution. Habeas jurisdiction does not extend to recovery of money purportedly forfeited under state law in a state criminal prosecution that has yet to occur.

Petitioner reliance upon Fed. R. Crim. P. Rule 41(g), is misplaced. That rule provides as follows:

> (g) **Motion to Return Property**. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized….

Fed. R. Crim. P. Rule 41(g). However, the Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings *in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States*." Fed. R. Crim. P. Rule 1(a)(1)(emphasis supplied). Nothing in those rules suggests that they are applicable to, or extend to, property seized in a purportedly unlawful search and seizure by *state* authorities pursuant to a *state* criminal proceeding. As mentioned, Petitioner's remedy is to seek the return of the seized money through lawful channels within the judicial system of the State of California. This Court's habeas jurisdiction does not extend to retrieving moneys seized in state criminal proceedings.

///

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 22, 2013**                            **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE