**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DYLAN STAUB,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KAMALA D. HARRIS,<br><br>　　　　　Respondent. | Case No.: 1:13-cv-01162-AWI-JLT<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 22, 2013, the Magistrate Judge assigned to the case issued Findings and Recommendations to dismiss the petition for lack of jurisdiction. (Doc. 10). This Findings and Recommendations was served upon all parties and contained notice that any objections were to be filed within twenty-one days from the date of service of that order. On September 3, 2013, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 11). On

1

December 26, 2013, the District Judge adopted the Findings and Recommendations and entered judgment. (Docs. 13 & 14). At that time, the Court construed the petition under Section 2241 as not requiring a certificate of appealability. Subsequently, Petitioner filed a notice of appeal. (Doc. 15). On August 6, 2015, the Ninth Circuit issued an order remanding the case to this Court for the limited purpose of either issuing or declining to issue a certificate of appealability.

The plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability where the petition is an appeal from an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court. Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997); see Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). In its remand order, the Ninth Circuit implicitly construes the petition as arising from process issued by a state court.

In such instances, an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. The Court determined that it did not have habeas jurisdiction over a claim seeking return of moneys seized in state criminal proceedings. See, e.g., Bailey v. Hill, 599 F.3d 976, 980–81 (9th Cir. 2010) (district court lacked habeas jurisdiction over petition challenging restitution order where remedy petitioner sought—elimination or alteration of money judgment—did not directly impact, and was not directed at the source of the restraint on, petitioner's liberty). Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

Thus, the Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 11, 2015                      _____
                                                 SENIOR  DISTRICT  JUDGE